IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JOSEPH LONNELL LEWIS,      )
                )
      Plaintiff,      )
                )
v.                )    Case No. CIV-10-1343-M
                )
HASKELL HIGGINS, *et al.*,      )
                )
      Defendants.      )

## REPORT AND RECOMMENDATION

Invoking 42 U.S.C. § 1983, Mr. Joseph Lewis alleges retaliation through the issuance of misconduct charges. Defendants Department of Corrections, Higgins, Gilstrap, Hill, Hembree, Johnson, Wilks, Reading, Morton, Sanders, Tustin, Doyle, Jones, and Ingle have moved for summary judgment,[1] alleging in part that:

- they are immune from suit on the official capacity claims under the Eleventh Amendment and

- Mr. Lewis has not properly exhausted available administrative remedies.

Defendants' Motion for Summary Judgment with Brief in Support at pp. 10-15 (Apr. 26, 2011). The Court should conclude that the Defendants are entitled to:

- Eleventh Amendment immunity on the official capacity claims for damages and

- summary judgment on the remaining claims based on nonexhaustion of administrative remedies.

---

[1] The present report does not address the claims involving Mr. Darryel Epperly or Ms. Beatrice Campbell.

BACKGROUND

While incarcerated, Mr. Lewis was found guilty on six disciplinary charges involving disobedience to orders, disruptive behavior, and possession/manufacture of contraband.[2] After fruitless efforts to appeal three of the misconduct convictions, Mr. Lewis alleges that he wrote to Internal Affairs and that the correspondence led to an investigation. Reply to Defendant's Motion for Summary Judgment and Special Report at pp. 4, 9 (June 6, 2011) ("Plaintiff's Response to Motion for Summary Judgment"). As a result of the correspondence to Internal Affairs, the Plaintiff claims retaliation through the issuance of misconduct charges on April 13, 14, and 15, 2009.[3]

Mr. Lewis claims retaliation and seeks "[i]mmediate release from the penitentiary and monetary relief." Complaint, *passim*. The Defendants are immune from suit on the official capacity claims for monetary damages under the Eleventh Amendment and are entitled to summary judgment on the remaining claims based on nonexhaustion of administrative remedies.[4]

---

[2] Special Report of Review of Factual Basis of Claims Asserted in Civil Rights Complaint Pursuant to 42 U.S.C. Section 1983, Attachments 3-4, 6, 8-10 (Apr. 26, 2011) ("Special Report"). In the complaint, Mr. Lewis refers to five of the six disciplinary charges. Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 3 (Dec. 13, 2010) ("Complaint").

[3] *See supra* p. 1; Plaintiff's Response to Motion for Summary Judgment at p. 4; *see id.*, Exhs. 10-13, unnumbered exhibit, Doc. 43-1 at ECF pp. 47-48, 50-51, 56; *see also* Special Report, Attachments 8-10 (reports for misconduct on April 13, 14, and 15, 2009).

[4] In seeking summary judgment, the Defendants also argue that: (1) the Plaintiff cannot seek expungement of misconducts under Section 1983, (2) any challenges to the misconducts would be premature absent proof of invalidation of the misconduct convictions in separate proceedings, (3) there is insufficient evidence of retaliation, and (4) qualified immunity exists. Defendants' Motion

ELEVENTH AMENDMENT IMMUNITY

Invoking the Eleventh Amendment, the movants argue that in their official capacities they enjoy immunity from damages. They are correct.

The Eleventh Amendment prevents an award of money damages when the defendant is a state official being sued in his official capacity. *See*, *e.g.*, *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998) ("the Eleventh Amendment bars federal court jurisdiction over . . . a state official acting in her official capacity in a suit for damages").[5] Thus, in their official capacities, Defendants Department of Corrections, Higgins, Gilstrap, Hill, Hembree, Johnson, Wilks, Reading, Morton, Sanders, Tustin, Doyle, Jones, and Ingle enjoy immunity under the Eleventh Amendment on the claims for monetary relief. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120 (1984).

FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES

According to the Defendants, Mr. Lewis failed to completely exhaust administrative remedies on the retaliation claim. Defendants' Motion for Summary Judgment with Brief

---

for Summary Judgment with Brief in Support at pp. 7-10, 14-15 (Apr. 26, 2011). Because summary judgment is appropriate on grounds involving nonexhaustion of administrative remedies, the Court need not address the Defendants' alternative arguments for summary judgment. *See infra* pp. 3-12.

[5]     An exception exists when the state waives Eleventh Amendment immunity or it is abrogated by Congress. *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 866 (10th Cir. 2003). But the State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51 § 152.1(B) (2001) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

in Support at pp. 10-14 (Apr. 26, 2011).  The Defendants are entitled to summary judgment

on this ground.

I.      Standard for Summary Judgment

The Court should grant summary judgment when "there is no genuine dispute as to

any material fact and [the movants are] entitled to judgment as a matter of law."  Fed. R. Civ.

P. 56(a).  Parties may establish the existence or nonexistence of a material disputed fact

through:

- submission of "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials; or"

- "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

Fed. R. Civ. P. 56(c)(1)(A)-(B).

When a summary judgment motion is filed, "[t]he court views the record and draws

all favorable inferences in the light most favorable to the non-moving party."  *Pepsi-Cola*

*Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005)

(citation omitted).

Application of the summary judgment standard depends on whether the   issue

involves an element of the Plaintiff's *prima facie* case or an affirmative defense.[6]

---

6       *See Johnson v. Riddle*, 443 F.3d 723, 725 n.1 (10th Cir. 2006) (discussing the difference in
the application of the summary judgment standard for elements of the plaintiff's *prima facie* case
and affirmative defenses).

In relevant part, Defendants Department of Corrections, Higgins, Gilstrap, Hill, Hembree, Johnson, Wilks, Reading, Morton, Sanders, Tustin, Doyle, Jones, and Ingle seek summary judgment based on nonexhaustion of administrative remedies. *See infra* pp. 5-12. Because this issue involves an affirmative defense,[7] the Defendants bear the burden of proof.[8] As a result, the Defendants must demonstrate the absence of a disputed material fact on the issue of exhaustion. *See Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). If the Defendants satisfy this burden, the Plaintiff would incur a duty to "demonstrate with specificity the existence of a disputed material fact." *Id.* In the absence of such a showing, the Defendants would be entitled to summary judgment on their affirmative defense. *See id.*

II.     The Statutory Exhaustion Requirement

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2006). This law "requires proper exhaustion" of the prison's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006).

---

[7]     *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (concluding "that failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act]").

[8]     *See Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007) ("We . . . hold that the burden of proof for the exhaustion of administrative remedies in a suit governed by the [Prison Litigation Reform Act] lies with the defendant.").

III.    The Administrative Process for Oklahoma Prisoners

To properly exhaust his claim at the administrative level, Mr. Lewis was required to follow the "Offender Grievance Process" as set forth in Department of Corrections OP-090124. *See* Defendants' Motion for Summary Judgment with Brief in Support, Exh. 3 (OP-090124 (eff. Sept. 8, 2009)) (Apr. 26, 2011).

Under this process, the aggrieved person should begin by attempting to informally resolve the matter with a staff member. *See id.*, Exh. 3 (OP-090124 at p. 5 (eff. Sept. 8, 2009)). If that attempt is unsuccessful, the inmate may file a request to staff. *See id.*, Exh. 3 (OP-090124 at pp. 5-6 (eff. Sept. 8, 2009)). The prisoner can file a grievance if he is dissatisfied with the result. *See id.*, Exh. 3 (OP-090124 at p. 6 (eff. Sept. 8, 2009)). If the inmate remains dissatisfied, he can appeal to the administrative review authority. *See id.*, Exh. 3 (OP-090124 at pp. 9-10 (eff. Sept. 8, 2009)). At that point, the administrative process would be complete. *See id.*, Exh. 3 (OP-090124 at p. 12 (eff. Sept. 8, 2009)).

IV.    The Absence of Evidence Regarding the Proper Filing of a Grievance on the Retaliation Claim

The threshold issue is whether the Plaintiff properly filed a grievance on his current retaliation claim. The Court should answer in the negative.

The administrative process involves an attempt at informal resolution, the filing of a request to staff, the filing of a grievance, and the submission of a grievance appeal. *See supra* p. 6. The administrative record contains numerous requests to staff which the Plaintiff

apparently elected not to pursue.[9]  These informal requests did not satisfy the exhaustion

requirement because Mr. Lewis would have had remaining opportunities to pursue the claim

through a grievance or an appeal.[10]

Three documents were sent to the Administrative Review Authority, utilizing OP-

090124.  But these submissions did not complete the administrative procedure.

On October 14, 2010, the Plaintiff filed an "Offender Grievance Report Form," which

he sent to the "district supervisor."  Special Report, Attachment 2.  This document referred

to a retaliatory motive for a number of misconduct charges.  On October 22, 2010, the

Department of Corrections Director's Designee returned the grievance, unanswered, due to

Mr. Lewis' failure to comply with proper procedure.  Ms. Debbie Morton informed the

Plaintiff that:

- his appeal had to "be written on the Offenders Appeal form;"

- he had to "submit grievances in accordance with the guidelines stipulated per OP-090124;"

- he had a responsibility to read and follow OP-090124; and

---

[9]      Plaintiff's Response to Motion for Summary Judgment, Exh. 9, Doc. 43-1 at ECF p. 20 (request to staff on May 15, 2009); *id.*, Exh. 9 at ECF p. 21 (request to staff on September 26, 2010); *id.*, Exh. 13 at ECF p. 36 (request to staff on May 9, 2009); *id.*, unnumbered exhibit, Doc. 43-1 at ECF pp. 47-48 (requests to staff on October 3, 2010), *id.*, unnumbered exhibit, Doc. 43-1 at ECF pp. 55-56 (request to staff on September 26, 2010); Special Report, Attachment 2 (requests to staff on May 9, 2009, May 15, 2009, July 13, 2010, September 25, 2010, and September 26, 2010).

[10]      *See supra* p. 6; *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (holding that an inmate who starts the administrative process, but fails to complete it, has not properly exhausted administrative remedies); *cf. Holden v. Dinwiddie*, 343 Fed. Appx. 297, 299 (10th Cir. Aug. 13, 2009) (unpublished op.) (holding that submission of a request to staff, which goes unanswered, does not constitute exhaustion of the Oklahoma Department of Corrections administrative process).

●        attachments are not allowed with grievances.

*Id.*

On October 14, 2010, and December 13, 2010, the Plaintiff sent requests to staff to the Administrative Review Authority, alleging retaliation and complaining that his misconduct appeals had gone unanswered. *Id.* The Director's Designee failed to answer either complaint, but returned them and explained that Mr. Lewis was apparently attempting to appeal his misconduct convictions and had utilized the wrong form. *Id.* In both instances, the Plaintiff was advised to read and follow a separate policy, Department of Corrections OP-060125, to properly challenge his misconduct convictions. *Id.*

As interpreted by the Director's Designee, the content of the complaints concerned a subject which could only be pursued through a separate appeals process. Thus, under OP-090124, Mr. Lewis could not have corrected his mistakes with regard to these complaints.

The same cannot be said for the grievance filed with the "district supervisor" on October 14, 2010. *See supra* p. 7. There, prison officials explained that the grievance had contained unauthorized attachments and was on the incorrect form. *See supra* pp. 7-8. Notwithstanding the explanation, Mr. Lewis did not try to correct the mistake by resubmitting the proper form without attachments. The failure to comply with the administrative requirements is fatal on the exhaustion defense.

The Tenth Circuit Court of Appeals addressed a similar issue in *Jernigan v. Stuchell*, 304 F.3d 1030 (10th Cir. 2002), and *Hoover v. West*, 93 Fed. Appx. 177 (10th Cir. Feb. 19, 2004) (unpublished op.). In *Jernigan v. Stuchell*, authorities denied receipt of a grievance,

but the plaintiff alleged that it had been lost or misfiled. *See Jernigan v. Stuchell*, 304 F.3d at 1032. In *Hoover v. West*, authorities returned a grievance unanswered because of a mistake on their part. *See Hoover v. West*, 93 Fed. Appx. at 178-79. In both cases, officials gave the inmates ten days to cure the defects, and the prisoners failed to do so. *See Jernigan v. Stuchell*, 304 F.3d at 1032-33; *Hoover v. West*, 93 Fed. Appx. at 179. The failure to correct the error in the ten-day period was fatal even though in both cases, the original submissions may have been proper.[11]

The decisions in *Jernigan* and *Hoover* are dispositive. Prison authorities provided an opportunity to cure the alleged defects in Mr. Lewis' October 14, 2010, grievance. *See supra* pp. 7-8. The Plaintiff failed to take advantage of that opportunity and that omission is fatal, just as it was in *Jernigan* and *Hoover*.

Thus, on the personal capacity claims and official capacity claims for nonmonetary relief, Defendants Department of Corrections, Higgins, Gilstrap, Hill, Hembree, Johnson, Wilks, Reading, Morton, Sanders, Tustin, Doyle, Jones, and Ingle are entitled to summary judgment on grounds that they failed to exhaust available administrative remedies.

V.      The Absence of a Grievance Appeal on the Retaliation Claim

Even if Mr. Lewis had properly filed a grievance, he would have had to file a grievance appeal to take full advantage of his administrative remedies. *See supra* p. 6. He clearly did not file such an appeal.

---

[11]     *Jernigan v. Stuchell*, 304 F.3d at 1032-33; *Hoover v. West*, 93 Fed. Appx. at 181-82; *see also Hilliard v. Ray*, 123 Fed. Appx. 908, 910 (10th Cir. Feb. 17, 2005) (unpublished op.) (stating that a prisoner had failed to exhaust available administrative remedies through his failure to resubmit a grievance after being given ten days to remedy filing defects).

The Defendants have submitted an affidavit by Ms. Debbie Morton, stating that Mr. Lewis has not filed a grievance appeal regarding disciplinary convictions or retaliation. Defendants' Motion for Summary Judgment with Brief in Support, Exh. 2 (Apr. 26, 2011).

The Plaintiff responded, stating that he had filed nine "misconduct/grievance appeals w/ ARA stamp." Plaintiff's Response to Motion for Summary Judgment at p. 7. In support, Mr. Lewis cites Exhibits 10 to 13 of his response brief. *Id.* These exhibits do include nine appeals of misconduct convictions. *See id.*, Exhs. 10-13. Each form noted that it involved the appellate procedure for misconduct proceedings: DOC OP-060125C. *See id.*

The procedure for grievance appeals was distinct from the mechanism for disciplinary appeals. *See* Defendants' Motion for Summary Judgment with Brief in Support, Exh. 3 at pp. 10-11 (Apr. 26, 2011); *see also infra* pp. 11-12 (discussing the differences between the procedures for grievances and disciplinary appeals). In her affidavit, Ms. Morton was discussing the absence of a "grievance appeal" rather than a disciplinary appeal brought under OP-060125. *See* Defendants' Motion for Summary Judgment with Brief in Support, Exh. 2 (Apr. 26, 2011).

In the absence of a grievance appeal, Mr. Lewis failed to exhaust an available administrative remedy.[12]

---

[12] *See Jackson v. Workman*, 391 Fed. Appx. 724, 725 (10th Cir. Aug. 13, 2010) (unpublished op.) (holding that the plaintiff failed to exhaust administrative remedies when the defendants' affidavits had attested to the absence of a grievance appeal on the eventual claims), *cert. denied*, __ U.S. __, 131 S. Ct. 669 (2010).

VI.     Utilization of the Procedures to Appeal Misconduct Convictions

In four disciplinary appeals, Mr. Lewis complained that the misconduct charges had involved retaliation by prison officials. *See* Special Report, Attachments 4, 8-10.

Authorities rejected two of the misconduct appeals on grounds of timeliness. Special Report, Attachments 8, 10 (disciplinary appeals for offense reports on April 13 and 15, 2009). Mr. Lewis alleges that he did not receive these rulings and that if he had, he would have sought leave to appeal out-of-time. Plaintiff's Response to Motion for Summary Judgment at pp. 6, 10-12. The Court need not decide whether Mr. Lewis had actually received the rulings on the two disciplinary appeals, as he would not have exhausted available administrative remedies even if his submissions had been timely.

Oklahoma provides two separate administrative processes, one for grievances and another for disciplinary appeals.[13] Thus, the Western District of Oklahoma held in *Thomas v. Parker* that an Oklahoma prisoner has not exhausted administrative remedies available through the grievance process even when he has properly completed a disciplinary appeal. *Thomas v. Parker*, 2011 WL 976694, Westlaw op. at 7-8 (W.D. Okla. Feb. 11, 2011) (unpublished report and recommendation by magistrate judge), *adopted*, 2011 WL 996788 (W.D. Okla. Mar. 17, 2011) (unpublished order by district judge); *see also Carr v. Brill*, 187

---

[13]     *See* Defendants' Motion for Summary Judgment with Brief in Support, Exh. 3 at p. 3 (Apr. 26, 2011) (statement in the grievance procedures that misconduct convictions can only be appealed through a separate process, OP-060125, entitled "Department Offender Disciplinary Procedures").

Fed. Appx. 902, 905 (10th Cir. July 10, 2006) (unpublished op.).[14] The facts are the same

here, and Mr. Lewis' failure to complete the grievance process would have prevented

exhaustion even if he had not received the rulings on the two disciplinary appeals.

## RECOMMENDED RULINGS

The Court should conclude that Defendants Department of Corrections, Higgins,

Gilstrap, Hill, Hembree, Johnson, Wilks, Reading, Morton, Sanders, Tustin, Doyle, Jones,

and Ingle are entitled to Eleventh Amendment immunity on the official capacity claims for

monetary damages. On the remaining claims, the moving defendants are entitled to summary

judgment based on nonexhaustion of administrative remedies.

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to this report and recommendation. To object, the party must

file an objection with the Clerk of this Court by August 22, 2011. *See* Fed. R. Civ. P.

---

[14]     In *Carr v. Brill*, the Tenth Circuit Court of Appeals addressed the interplay between
Colorado's administrative remedies through the grievance and disciplinary procedures:

> The grievance system is an important part of the administrative process that
> cannot be overlooked by prisoners. The grievance process entails a documented
> conversation between the prisoner and prison officials, requiring each to explain their
> point of view, and fulfills the purpose of the exhaustion requirement-to give prison
> officials a chance to handle a prisoner's complaints internally and to create an
> administrative record to help courts resolve the complaints that end in a lawsuit. In
> contrast, when a prisoner appeals a misconduct conviction, the prison officials need
> only provide a cursory explanation of why the prisoner's appeal fails: this fails to
> fulfill the purposes of requiring exhaustion of administrative remedies when the
> grievance process is also available.

*Carr v. Brill*, 187 Fed. Appx. at 905 (citation omitted).

6(a)(1)(C), 6(d), 72(b)(2); 28 U.S.C. § 636(b)(1) (2009 supp.).  The failure to timely object

would foreclose appellate review of the suggested rulings.[15]

<u>STATUS OF THE REFERRAL</u>

The present report does not discharge the referral.  *See supra* note 1.

Entered this 4th day of August, 2011.

Robert E. Bacharach
United States Magistrate Judge

---

[15]     *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").