IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH LONNELL LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-1343-M |
| | ) | |
| HASKELL HIGGINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION:
CLAIMS AGAINST MR. DARRYEL
<u>EPPERLY AND MS. BEATRICE CAMPBELL</u>**

The Court should summarily dismiss the claims against Mr. Darryel Epperly and Ms. Beatrice Campbell, as Mr. Lewis failed to effect timely service.

The plaintiff must serve each defendant with a summons and a copy of the complaint.[1] Generally, service is required within 120 days of the filing of the complaint.[2] In light of the need for screening, the Court delayed the start of the 120-day period until the authorization of service.[3] With 120 days, the Plaintiff had until May 23, 2011, to file proof of service.[4]

---

[1] *See* Fed. R. Civ. P. 4(c)(1); *see also DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that even though the plaintiff was *pro se*, he was "obligated to follow the requirements of Fed.R.Civ.P. 4" (citation omitted)).

[2] *See* Fed. R. Civ. P. 4(m).

[3] Order Requiring Service and Special Report at p. 2 (Jan. 21, 2011); *see* Fed. R. Civ. P. 4(m) - advisory committee notes: 1993 Amendments ("The district court should . . . take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." (citation omitted)).

[4] The 120-day period began on January 21, 2011, and ended on May 21, 2011. *See* Order Requiring Service and Special Report at p. 2 (Jan. 21, 2011). Because May 21 was a Saturday, Mr.

Almost six weeks after the deadline expired, the Court directed Mr. Lewis to serve Mr. Epperly and Ms. Campbell or to show cause why the claims against these persons should not be dismissed.[5] The deadline was July 19, 2011, and the Court warned that noncompliance could result in dismissal of the claims against Mr. Epperly and Ms. Campbell.[6]

Even with the extension and warning, the Plaintiff has apparently failed to serve Mr. Epperly or Ms. Campbell. In response to the show cause order, Mr. Lewis stated that he lacks the means to locate either defendant.[7]

Notwithstanding the Plaintiff's apparent failure to effect service, the Court must consider whether the record reflects "good cause" for another extension of time.[8] Three factors are pertinent:

- the statute of limitations,
- service on the United States, and

---

Lewis had until the next business day (May 23, 2011) to file proof service. *See* Fed. R. Civ. P. 6(a)(1)(C).

[5]     Order (July 1, 2011).

[6]     Order (July 1, 2011). The Court had already warned that a failure to file proof of service within 120 days could result in dismissal of the action. Order Requiring Service and Special Report at p. 2 (Jan. 21, 2011).

[7]     Sworn Statement of Affidavit (July 13, 2011).

[8]     *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

- evasion of service.[9]

None of the factors supports another extension of time for service.

First, the Court should consider whether the statute of limitations would bar refiling of a claim against Mr. Epperly or Ms. Campbell.[10] These claims involve retaliation in the form of misconduct charges in April 2009,[11] and a two-year limitations period exists.[12] Thus, the limitations period would have expired in April 2009 and Mr. Lewis could not ordinarily refile the claims if they were to be dismissed. Because the existing complaint was timely,[13] however, the Oklahoma savings statute would give the Plaintiff one more year after a dismissal to refile the claims against Mr. Epperly and Ms. Campbell.[14] This factor weighs against a further extension of time for service.

---

[9] *See Espinoza v. United States*, 52 F.3d at 842.

[10] *See Espinoza v. United States*, 52 F.3d at 842.

[11] Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, *passim* (Dec. 13, 2010).

[12] The period of limitations for a Section 1983 action is governed by the forum state's law for personal injury actions. *See Gee v. Pacheco*, 627 F.3d 1178, 1189-90 (10th Cir. 2010). In Oklahoma, the limitations period for Section 1983 actions is two years. *See* Okla Stat. tit. 12 § 95(A)(3) (2010 supp.); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).

[13] *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Dec. 13, 2010).

[14] *See* Okla. Stat. tit. 12 § 100 (2001); *see also Mott v. Carlson*, 786 P.2d 1247, 1248 (Okla. 1990) (stating that a suit dismissed for failure to serve a summons under state law may be refiled within one year under Okla. Stat. tit. 12 § 100); *cf. Grider v. USX Corp.*, 847 P.2d 779, 783 (Okla. 1993) (stating that Okla. Stat. tit. 12 § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma" (citation omitted)).

Second, the Court should consider whether a plaintiff has unsuccessfully attempted to serve the United States.[15] Here, the lack of service does not involve the United States.

Third, courts may consider whether the defendants are avoiding service.[16] No evidence exists regarding evasion of service.

The Plaintiff professes an inability to locate Mr. Epperly and Ms. Campbell.[17] However, the Plaintiff seems to suggest that he would remain unable to effect service with more time.[18]

Mr. Lewis has been informed that:

- he had 120 days for service and the filing of proof of service and

- the claims against Mr. Epperly and Ms. Campbell could be dismissed if he failed to timely file proof of service.[19]

Based on the combination of factors, the Court should order dismissal without prejudice of all claims against Mr. Epperly and Ms. Campbell.

---

[15] *See Espinoza v. United States*, 52 F.3d at 842.

[16] *See Hendry v. Schneider*, 116 F.3d 446, 449 n.2 (10th Cir. 1997) ("Evasion of service has been held to constitute 'good cause.'" (citations omitted)).

[17] *See supra* p. 2.

[18] *See supra* p. 2.

[19] *See supra* p. 2 & note 6.

Mr. Lewis can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by August 22, 2011.[20] The failure to timely object would foreclose appellate review of the suggested ruling.[21]

The referral is discharged.

Entered this 4th day of August, 2011.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[20] *See* 28 U.S.C. 636(b)(1) (2009 supp.); Fed. R. Civ. P. 6(a)(1)(C), 6(d), 72(b)(2).

[21] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").